E. J. Jones and Rebecca Jones *v.* J. Moore.

Plaintiff brought suit upon a decree rendered by a Chancery Court in Arkansas, and upon a delivery bond executed by defendants to entitle them to retain possession of certain property seized under an execution issued upon the decree. He alleged, in his petition, " that said bond having been forfeited, acquired the force and effect of a judgment according to the laws of Arkansas; that the original judgment was satisfied and novated in this, that the bond was taken for the delivery of property as aforesaid, and forfeited as aforesaid, and therefore the said bond became a new judgment, having the effect as aforesaid ; that both said judgments, the original and statutory judgments, have the effects of and are joint and several judgments, according to the laws of Arkansas." The defendant alleged, in his answer, that the bond set up by plaintiff was false and forged as to his signature.

*Held :* that the allegation of novation, with the qualification annexed, is not so absolute as to prevent the plaintiff from recovering on the original decree in chancery. If, therefore, the defendant did not execute the bond the original judgment was not extinguished : if he did execute the bond the plaintiff is entitled to recover on the forfeited bond.

A PPEAL from the District Court of the parish of Union, *Richardson,* J.
*Regenburg & Essick,* for plaintiff :

But this case must be decided by the law applicable to it, whether that law is harsh or otherwise. What then is the law applicable to the issues presented by the answer? The sheriff states on his return that *James Moore* signed the bond. It is also stated at the end of the bond, that it was signed, sealed and delivered in the presence of the Sheriff. Execution issued upon the bond against all the parties thereto.

The proceedings are, therefore, all regular and without any defects whatever. Now the first position we take is, that the Sheriff's return cannot be contradicted but must be conclusive against the defendant, and if the defendant did not sign the bond, his remedy is against the Sheriff for a false return. This in the doctrine of the common law, and is well established. The court will judiciously notice the fact, that the common law is the basis of the jurisprudence of the State of Arkansas ; *Copley* v. *Sandford,* 2 A. 335. *King* v. *Sejour,* 4 A. 129.

Greenleaf says, that " The return of a Sheriff, also which is conclusively presumed to be true, between third persons, is taken, *prima facie,* as true even in his own favor ; and the burden of proving it false, in an action against him for a false return, is devolved on the plaintiff, notwithstanding it is a negative allegation. In fine, it is presumed, until the contrary is proven, that every man obeys the mandates of the law, and performs all his official and social duties; Greenleaf on evidence, section 40. See also *Clark* v. *Lyman,* 10 Pick., 47. *Boyntorne* v. *Willard,* 10 Pick., 169.

"As between the parties to the process, or their privies, the return is usually conclusive, and not liable to collateral impeachment. This is a well established general rule, one necessary to secure the rights of the parties, and give validity and effect to the acts of ministerial officers, leaving the persons injured' to their redress, by an action for a false return ;" 4 Philips on evidence, 1087, and cases there cited. See also pages 1088, 1089 and 1090 of same book. We are not, however, left to decide solely by the principles of the common law. what effect the precedings in Arkansas would have in that State ; but the question has been decided by the highest tribunal of that State, and as the court of that State has fully discussed the nature and effect of the delivery bond and the forfeiture thereof; and as it may be inconvenient or impossible for your honors to examine the reports of the Supreme Court of Arkansas, we will make a few extracts from the most important decisions of that court, which will clearly show the nature of the bond and the forfeiture thereof; and also of the new or statutory judgment which arises by operation of law from the forfeiture of the bond.

In the case of *Ruddell* v. *Magruder,* 6 Eng. Rep. 583, the court said " When the bond has been forfeited, it has, by operation of law. the force and effect of a judgment on which execution may issue, and the Sheriff's return to that effect is conclusive record evidence of the fact of such forfeiture, and cannot be

contradicted by parol evidence even at the return term. Thus the non-delivery of the property transforms the bond, by operation of law, into a statutory judgment, on which statutory judgment execution may issue against all the obligors in the bond. The execution does not issue upon the bond, but upon the statutory judgment; which, by operation of law, springs into being upon the forfeiture, and then exists in contemplation of law.

Also in the case of *Biscoe et al.,* v. *Sandefer et al.,* decided at the January term, 1854, and reported in 14 Ark. Rep., 584, 585, the court said, "This new judgment is considered as possessing the qualities, force, effect and dignity of a judgment obtained in the ordinary mode of proceeding according to the course of the common law, and in a court of competent jurisdiction *scire facias* may be issued to have execution upon it, (3 How. Miss., R.) and in another State it will be regarded as a judicial proceeding within the meaning of the Act of Congress of 1790. As a judicial proceeding it may challange full faith and credit, and can no more be impeached collaterally than any other judgment. The precise question came under review in the court of appeals of Kentucky, in the case of *Kelly* v. *Louk,* 7 B. Monroe, 223, and was fully discussed and ably considered. It was an action of debt brought on one of these statutory judgments from the State of Mississippi, and the court held that while the statutory judgment remained in force, unreversed or annulled, it was record evidence of right in the plaintiff, and could only be impeached by evidence of as high a grade as itself; and further, that *nul tiel record* was the only proper admissable defence to it in the court. In Kentucky a delivery bond is for the whole debt, and on forfeiture has the force and effect of a judgment on which execution issues as of course. 1 Morehead & Brown's Laws, Ky., 641. *Joyce* v. *Farquar,* 1. A. K. Marsh, 20, 21; *Chitty* v. *Gleim,* 3 Men., 425. And so as in Virginia a replevy bond is held to be an extinguishment of the previous judgment, and of all liens created by execution, because the bond when made has the force and effect of a judgment, and execution issues against all the obligors for the whole debt.

The present law came before this court in *Reardon, ex parte,* 4 Eng. 450, and was pronounced constitutional; subsequently in the case of *Ruddell* v. *Magruder,* 6 Eng. 579, that case was confirmed, and it was held, that the non-delivery of the property transformed the bond, by operation of law, into a statutory judgment, on which execution might issue against all the obligors for the debt, interest and cost remaining unpaid; that the forfeiture imparted to the bond the force and effect of a judgment; that the Sheriff's return of the forfeiture, was conclusive evidence of the fact, and could not be controverted by parol proof. Substantially the doctrine of the cases in Mississippi is adopted by this, and undoubted when the law is the same, the decisions of the courts should correspond, as far as justice, comity and reason will permit, and we think it would be impossible to establish any other doctrine, without leaving the debts exposed to grievous evils, without seriously impairing the harmony of the law, and without departing from the manifest intention of the Legislature."

See also *Miner* v. *Lancashne,* 4 How. Miss. 350; *Saunders* v. *McDowell,* ibid; *Wagner* v. *Baker,* ibid; *U. S. Bank* v. *Patton,* 5 How. Miss. Rep. 200; *McNutt* v. *Wilcox,* 3 How. Miss. Rep. 419; *Annis* v. *Smith,* 16 Peters' Rep. 304; *Brown* v. *Clark,* 4 How. U. S. Rep.

In the next place, admitting that the Sheriff's return can be impeached, then the *onus probandi* is on defendant, because:

1st. A sworn officer is presumed to have done his duty until the contrary be shown. *Gentile, admr.* v. *Paley,* 3 An. 148; see also Hennen's Digest, p. 479, sec. 44, and references.

2d. Judicial proceedings are presumed to be regular until the contrary is proved. *Hubbell* v. *Clannon,* 13 L. R. 495; *Despan et al.* v. *Swinuler,* 3 N. S. 705.

3d. The effect of a legal presumption is to relieve the party in whose favor it is from the necessity of making any proof. *Succession of Tilgham,* 7 Rob. 393.

4th. The plea of the defendant goes to charge the officer with a culpable neglect of duty, and it must be proved by him, although it involved a negative. 1 Greenleaf on Evidence, sec. 80; Phillips on Evidence, p. 195; *Morgan* v. *Mitchell,* 3 N. S. 576.

78

JONES
v.
MOORE.

5th. If the defendant denies his identity, he must prove that he is not the man. The proof furnished by the record is *prima facie* sufficient against him. *Whiting* v. *Ivy*, 3 An. 649.

*Baker & Harris*, for defendants and appellants:

The defendant will not contest the position assumed by the plaintiff in his petition, "that the original judgment (of *Elijah J. Jones and Rebecca, his wife,* v. *George W. Rutherford and James Moore, Administrators of Joel Wodel*) was satisfied and novated by the taking of the delivery bond, according to the laws of the State of Arkansas." The court below considered that this action was based on the forfeited delivery bond.

Let us then proceed to see what the proof was as to the signature to the bond. As before stated, all the proof offered is comprised in the transcript from the court in Arkansas. The action was on the bond. The defence was that the signature of the defendant was false and forged. The original bond was not offered. No effort was made to prove by witnesses that the defendant signed the bond. The whole reliance was the Sheriff's return on the execution and his approval of the bond. We submit that when the defendant denies his signature, on oath, it is incumbent on the plaintiff to prove it. This they failed, nay, did not attempt to do. ·They were not entitled to a judgment.

But the plaintiffs meet all objections by asserting that the return of the Sheriff on the bond is, by the laws of Arkansas, a judgment, and interpose the Constitutional provision "that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State." Art. 4, sec. 1. And the latter clause of the Act of Congress of 26th May, 1790: "And the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in any court within the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken."

The general doctrine in relation to foreign judgments seems now to be, that they are *prima facie* evidence, but that they are impeachable. That when a forcing judgment is made the basis of an action, the court will inquire whether the foreign tribunal had jurisdiction of the subject matter of the parties, and whether the defendant had actual or constructive notice. Beyond this the court will not go, but hold the forcing judgment binding, subject to be avoided if founded in fraud or pronounced by a court nòt having competent jurisdiction over the cause. .

Story's Commentataries; Conflict of Laws, pp. 499 to 615; 1 Kent, 261, and notes; United States Digest, vol. 5; Supplement, 280; 13 Johnson, 192, 205; 10 L. 18, 220, 381. We conclude, then, if in looking into the transcript from Arkansas, your honors should find that the court had jurisdiction of the subject matter, and that the defendant had actual or constructive notice, that the judgment of the court *a quo* is correct, and sustainable, both by authority of the general doctrine relative to foreign judgments, by the Constitution and Act of Congress, as well as our own Code of Practice, Arts. 752, 753.

But before proceeding to inspect this Arkansas record, let us inquire what is such a judgment as, by the general doctrine, is to be held *prima facie* evidence, and what, in contemplation of the Constitution and Act of Congress, are judicial proceedings. Judicial proceedings can only be carried on where there is a Judge—one clothed with judicial power. To illustrate: the judicial power of the United States shall be vested in one Supreme Court and such inferior courts as the Congress may from time to time ordain and establish. Art. 3, sec. 1. By the Constitutions of the several States, the judicial power is vested in such courts as are enumerated in each respectively. By the Constitution of the State of Arkansas, Art. 6, sec. 1: "The judicial power of this State shall be vested in one Supreme Court, in Circuit Courts, in County Courts, and in Justices of the Peace. The General Assembly may also vest such jurisdiction as may be deemed necessary in corporation courts, and when they deem it expedient, may establish Courts of Chancery." Digest of the Statutes, p. 59. To constitute a valid judgment there must be a Judge, a cause, a plaintiff and defendant.

Now, what does the plaintiff exhibit? A claim, as a judgment; a judicial proceeding. The execution issued on the óriginal judgment of *Jones and wife* v. *Rutherford and Moore, Administrators of Wodel.* The return of the Sheriff reciting the seizure of the negroes *Daniel* and *Bill,* the property of

Rutherford; the giving by Rutherford the delivery bond; the advertisement of the slaves, the return of the execution before the sale day, and that this execution was not satisfied. The venditioni exponas directing the sale of the negroes previously seized; the Sheriff's return thereon; the delivery bond and fi. fa. and Sheriff's return thereon. Nowhere in the record is there to be found any judgment of any court against the parties to this delivery bond, it is not pretended that there ever was a judgment asked for and obtained thereon; but the plaintiffs contend, that by virtue of the statute of the State of Arkansas, p. 49, sec. 46, the Sheriff's return is a judgment, is a judicial proceeding which, by the Constitution and Act of Congress, is entitled to full faith and credit. These delivery bonds are of modern origin, and certainly the return made by the Sheriff on one of them, never entered into the contemplation of the framers of the Constitution or of Congress, when adopting the Art. 4, sec. 1, or enacting the Act of 26th May, 1790. The acts of officers are not judicial proceedings. It is evident that these acts are not considered in this light in Arkansas. The law of Arkansas gives to the party in favor of whom a delivery bond has been executed, various remedies. By sec. 38, a lien was effected on the property seized; by sec. 39, the right was given to seize the same property or any other of the defendant's subject to seizure, and sell it after five days notice; by sec. 40, if the condition of the bond be broken the defendant and his security shall be deemed to have notice of the facts, and the plaintiff, without further notice, may, on the return day of the execution or any subsequent day of the time, move the court for judgment on the bond against the defendant and his securities, or any of them, or the plaintiff may, at his option, bring an ordinary suit on the bond. We concede that a judgment thus rendered, would be a judicial proceeding. By section 41, it is further provided, that if no judgment had been entered on the bond, the plaintiff might have judgment after twenty days notice, without any formal pleading. Digest of the Statutes of Arkansas, p. 500, by English.

Now, suppose that instead of adopting any of the modes above provided, the plaintiff chooses, under sections 46 and 47, to issue execution against the parties to the bond, and that one of the parties named in the bond, his property being seized, should either enjoin or sue out a writ coram nobis, and allege that his signature was forged, on the hearing, what would be the course of procedure? We are to presume that the rule of evidence is universal, no one is held to the proof of the negative, it would be incumbent on the defendant in such case to prove the signature to the bond. With us the rule is fixed, that a man is bound to admit or deny his signature, having denied it on oath, and it being proved, he is barred every other defence. C. P. 324, 325, 326. It is just as it would be, if a delivery bond had been taken under our Act of 1842, p. 210, which provides that the defendant in execution, whose property had been seized, shall have the right to retain possession until the sale day, on condition that he execute his bond in solido in favor of the plaintiff, with good and sufficient sureties for the delivery of the property at the time of the sale, and upon a forfeiture of said bond, made to appear by the certificate of the officer, the bond shall have the effect of a twelve months' bond, and execution shall issue against all the parties to the bond.

If such execution was to issue, and property of one whose name appeared to the bond should be seized, and he were to enjoin, alleging that his signature to the bond was forged, would the court hesitate to perpetuate the injunction if, on trial, the party in whose favor the bond was taken, failed to prove the genuineness of the signature? We think clearly not. The case at bar is still stronger in favor of the defendant in this case, as the original bond was not produced, and was not within the State or in possession of a court or officer in this State, which could have been reached by an order of the court.

MERRICK, C. J. This action is brought by the plaintiff, upon a decree rendered in the Circut Court in Chancery, for the county of Saline, of the State of Arkansas, for $974 38, and interest at six per cent. and costs, against one Rutherford and the defendant, and upon a "delivery bond" made on an execution issued upon said decree.

By the statutory law of Arkansas, the Sheriff or other officer charged with the service of any execution, is required to levy it upon personal property,

and the defendant is authorized to retain possession of the same until the day of sale, by giving bond in favor of the plaintiff, with sufficient security, to be approved by the officer, in double the value of said property, with a condition for the delivery of the property to the officer at the time and place of sale named in such condition; and with the further condition, that in case the property shall not be delivered according to said condition, the bond shall have the force and effect of a judgment on which an execution may issue against all the obligors. By the same statutes it is provided, that the forfeiture of the bond shall be shown by the return of the officer, endorsed on the execution. See Dig. of Statutes of Arkansas, pp. 500, 502, secs. 37, 46 and 47.

The plaintiff, in his petition, after alleging that said bond having been forfeited, acquired the force and affect of a judgment, according to said law of Arkansas, further averred, that the " original judgment was satisfied and novated in this; that the said bond was taken for the delivery of property as aforesaid, and forfeited as aforesaid, and therefore the said bond became a new judgment, having the affect as aforesaid; that both said judgments, the original and statutory judgments, have the effects of and are joint and several judgments, according to the laws of the State of Arkansas."

The defendant excepted to the plaintiff's petition, as containing inconstant demands. The exception being overruled, he filed an answer containing a general denial and an averment, that the bond set up in the plaintiff's petition was false and forged as to his signature, and he sustained his answer by his affidavit.

The principal question raised in this court, and the only one requiring our notice, arises from his denial of the signature to the bond. The defendant contends, that he is not bound to prove a negative, and that the burden of proof is upon the plaintiff to show, that the signature to the bond is genuine. The plaintiff, on the other hand, having rested his case on the record, which he offered in evidence, says, that under the Constitution of the United States and the Act of Congress of 1790, his statutory judgment is conclusive against the defendant, must have the same effect in Louisiana, that it has in Arkansas, where the original judgment was rendered, and the statutary judgment substituted in its place.

We do not deem it important to decide either of the questions here presented. The allegation of novation with the qualification annexed, is not so absolute as to prevent the plaintiff from recovering judgment upon the original decree in Chancery. If, therefore, the defendant did not execute the bond, the original judgment was not extinguished, and the plaintiff is entitled to recover on his original decree. If he did execute the bond, the plaintiff is entitled to recover on the forfeited bond, but the original judgment alone indicates how much of the bond may be executed as a judgment. The defendant, therefore, has no interest in establishing the bond, except for the mere purpose of defeating a legal demand by a technicality. See case of *Ruddell* v. *Magruder*, 6 English Rep. 583.

We are not prepared to say, that the judgment ought to be amended in favor of the plaintiff, for the small amount of costs claimed. And to the cost of the transcript, we see no reason why it may not be taxed among the costs under the judgment already rendered.

Judgment affirmed.